**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM EUGENE HAMMER,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ANDREW DOLAN, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:23-CV-00215-ACL |

**MEMORANDUM AND ORDER**

Before the Court is the motion of Plaintiff William Eugene Hammer, a prisoner, for leave to proceed in forma pauperis in this civil action. The Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. Additionally, the Court will dismiss the Complaint, and deny as moot Plaintiff's motion to appoint counsel.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff did not submit a certified inmate account statement with the instant motion, as required by 28 U.S.C. § 1915(a)(2). He avers he has no income, and no available funds. The Court will assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). Any claim that Plaintiff is unable to pay that amount must be supported by a current and certified copy of his inmate account statement.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The

court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff identifies himself as a pretrial detainee at the Mississippi County Detention Center. He filed the complaint pursuant to 42 U.S.C. § 1983 against Mississippi County Circuit Court Judge David Dolan. Plaintiff placed check marks to indicate that he sues Judge Dolan in his official and individual capacity.

Plaintiff alleges that Judge Dolan "deliberately denied [his] civil rights" in 2023 during his Mississippi County Circuit Court criminal case. (ECF No. 1 at 4). He writes:

> Judge Dolan and my public defender Kim Levi has conspired together in Court to deny me my due process in pressuring me in Court by violating my right to a fair trial and making me a victim of cruel and unusual punishment of making me a product of excessive bond for I can't maintain paid counsel.

*Id.* at 3. Plaintiff also alleges that during his incarceration, "several medical conditions" worsened. *Id.* at 4. He appears to attribute that to his inability to pay a "cash only bond which is unreasonable

for the proper medical treatment which is a medical malpractice and negligence that is being imposed upon me here at the Mississippi County Detention Center." *Id.* Plaintiff seeks a total of $4 million in damages.

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court first addresses Plaintiff's official capacity claims against Judge Dolan, a Missouri Circuit Court Judge. Official capacity claims against public officials are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Consequently, Plaintiff's official capacity claims for damages against Judge Dolan are functionally equivalent to claims for damages against the State of Missouri.

The Eleventh Amendment has been held to immunize nonconsenting states from suit, *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974), and bar claims for money damages against state employees sued in an official capacity. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). There are exceptions for situations where Congress has abrogated a state's immunity or a state has waived its immunity, but neither exception applies here. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 68 (1989) (concluding that § 1983 did not abrogate a state's immunity); Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect, and providing exceptions). In addition, a state official acting in his official capacity is not a "person" for purposes of a § 1983 suit. *See Will*, 491 U.S. at 71; *West,* 487 U.S. at 48 (To state a claim under 42 U.S.C. § 1983, a plaintiff must establish, *inter alia,* that the alleged deprivation was

committed by a person acting under color of state law). For these reasons, Plaintiff's official capacity claims fail.

Plaintiff's individual-capacity claims also fail. Plaintiff provides no factual support or enhancement for his statements that Judge Dolan conspired to deny him due process, pressured him in court, violated his right to a fair trial, and victimized him. Plaintiff also fails to provide factual support for his statements that his medical conditions have worsened during his confinement. At best, Plaintiff offers the type of "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and that this Court is not required to presume true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). Without a factual underpinning, Plaintiff's allegations lack plausibility and fail to state a claim. *See Iqbal,* 556 U.S. at 679.

Having thoroughly reviewed the Complaint and liberally construed Plaintiff's allegations, the Court finds they allege nothing more than a "mere possibility of misconduct," and therefore fail to demonstrate a plausible claim for relief. *Iqbal,* 556 U.S. at 679. There is no indication that the defects of the Complaint could be cured by amendment. The Court will therefore dismiss this action at this time, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2). The Court will also deny as moot Plaintiff's motion seeking the appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2nd day of April, 2024.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE